UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUSSELL DUNHAM,

    Plaintiff,

    v.

PARVEEN MALIK, et al.,

    Defendants.
    _____/

CASE NO. 4:13-CV-10001
JUDGE TERRENCE G. BERG
MAGISTRATE JUDGE PAUL KOMIVES

### REPORT AND RECOMMENDATION ON DEFENDANTS SQUIER AND STUKEY'S MOTION TO DISMISS PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT (docket #99)

I.    RECOMMENDATION: The Court should conclude that any of plaintiff's claims that accrued prior to August 4, 2009, are barred by the statute of limitations. Accordingly, the Court should grant defendants' motion for partial dismissal.

II.    REPORT:

A.    *Procedural Background*

Plaintiff Russell Dunham is a state prisoner, currently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan. At the times relevant to this case, plaintiff was incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. Plaintiff commenced this action on January 1, 2013, by filing, through counsel, a civil rights complaint pursuant to 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, and § 504 of the Rehabilitation Act, 29 U.S.C. § 794. Plaintiff filed a second amended complaint on February 10, 2014. Named as defendants are Jeffrey C. Stieve, Chief Medical Officer of the Michigan Department of Corrections (MDOC) at the times relevant to this action, and in that capacity head

of both the Medical Services Advisory Committee (MSAC) and Pain Management Committee (PMC); Haresh Panday, a Regional Medical Director and member of the MSAC; Ronald Stukey, a member of the MSAC; Harriet Squier, a member of the utilization committee used by private medical provider Corizon; and Michael Sarver, also a Chief Medical Officer and head of the MSAC and PMC.

In his second amended complaint, plaintiff alleges that prior to his incarceration, he suffered extreme injuries to his right leg in a car accident.[1]  He received significant treatment on his leg, including a partial reconstruction of the right knee. On May 2, 2008, he was incarcerated under the custody of the MDOC. Plaintiff alleges that he experienced excruciating pain and immobility of his right knee at this time. Throughout 2008, plaintiff was treated with pain medication, but the requests of his treating providers for an orthopedic consultation were denied. Defendant Squire denied a request for knee replacement surgery on October 23, 2008. Plaintiff eventually received an orthopedic consultation in early 2009, and knee replacement surgery was recommended. The surgery requests were denied initially by defendant Squier and upheld by the MSAC through the second half of 2009. A surgery request was again denied by defendant Squier in March 2010, and this determination was upheld by the MSAC in April or May 2010. After two more years of conservative treatment and pain management, plaintiff was finally approved for knee replacement surgery in early 2012. Plaintiff alleges that defendants' failure to properly treat his knee condition from 2008 to 2012 subjected him to needless pain and suffering, and constituted deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Plaintiff also

---

[1] Plaintiff's factual allegations regarding his care are, for the most part, irrelevant to the issues raised by defendants' current motion. Thus, I provide only a very general background of plaintiff's allegations. The following summary is not intended to provide a complete account of plaintiff's allegations regarding the medical care he received, which are quite detailed.

alleges that defendant Stieve, in his official capacity, deprived him of the benefit of a service based on his disability, in violation of the ADA and Rehabilitation Act.

The matter is currently before the Court on the motion of defendants Squire and Stukey to partially dismiss the complaint pursuant to Rule 12(b)(6). Defendants contend that any Eighth Amendment claims concerning events that occurred prior to August 4, 2009, are barred by the statute of limitations. Plaintiff filed a response to the motion on March 14, 2014. He argues that his claims relating to the April 29, 2009, denial of knee replacement surgery by defendant Squier and all claims accruing thereafter are timely, and that he is entitled to equitable tolling of the limitations period with respect to his claims accruing before that time. Defendants filed a reply on March 18, 2014.

B.  *Legal Standard*

A motion to dismiss for failure to state a claim upon which relief can be granted is provided for in FED. R. CIV. P. 12(b)(6). In order for a court to dismiss a complaint for failure to state a claim, it must appear beyond doubt that the party asserting the claim can prove no set of facts supporting his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The party asserting the claim is not required to specifically set out the facts upon which he or she bases his claim. *Id*. at 47. Rather, "a short and plain statement of the claim" pursuant to FED. R. CIV. P. 8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests. *See Conley*, 355 U.S. at 47. However, as the Supreme Court has recently explained, bare legal conclusions need not be accepted by the Court, and a pleading must contain sufficient factual allegations to show that the allegations are plausible:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

> As the Court held in [*Bell Atlantic Corp. v.*] *Twombly*, 550 U.S. 544 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*., at 557 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 566 U.S. 662, 677-79 (2009) (parallel citations omitted).

Analysis of the parties' arguments in this case requires consideration of plaintiff's

grievances, which were submitted by the parties in connection with defendants' earlier motion to dismiss. Ordinarily, a court can only decide a Rule 12(b)(6) motion on the basis of the pleadings; if the court considers matters outside the pleadings, the court must convert the motion into one for summary judgment under Rule 56. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). However, in deciding whether a complaint states a claim under Rule 12(b)(6) a court may consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim" without converting the motion into one for summary judgment. *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004); *see also*, *Realtek Indus., Inc. v. Nomura Secs.*, 939 F. Supp. 572, 575 n.1 (N.D. Ohio 1996). Because they are matters of public record, the Court may take judicial notice of plaintiff's grievances without converting the motion into one for summary judgment. *See Price v. Palmer*, No. 1:09cv172, 2009 WL 5219727, at *3 (W.D. Mich. Dec. 31, 2009) (citing cases); *Spruill v. Gillis*, 372 F.3d 218, 222 (3d Cir. 2004); *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1021-23 (S.D. Cal. 2006). Further, although the statute of limitations is an affirmative defense, "[i]n an appropriate case, an affirmative defense may be adjudicated on a motion to dismiss for failure to state a claim." *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003); In particular, dismissal on the basis of an affirmative defense is appropriate where "the facts that establish the defense [are] definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice," and "the facts so gleaned . . . conclusively establish the affirmative defense." *Colonial Mortgage*, 324 F.3d at 16; *see also*, *Staehr v. Hartford Fin. Servs. Group, Inc.*, 547 F.3d 406, 425 (2d Cir. 2008).

C.      *Analysis*

For purposes of claims brought under 42 U.S.C. § 1983, state statutes of limitations apply to determine the timeliness of such claims. *See Wilson v. Garcia*, 471 U.S. 268-69 (1985). The same is true of state provisions tolling statutes of limitations. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). As the Supreme Court has directed, the federal courts should apply the single most analogous state personal injury statute of limitations to § 1983 claims. *See Wilson*, 471 U.S. at 276. The Supreme Court has rejected a claim-by-claim approach to limitations periods under § 1983. Rather, the Court has interpreted the borrowing principle enacted by Congress "as a directive to select, in each State, the one most appropriate statute of limitations for all § 1983 claims." *Wilson*, 471 U.S. at 275. And, the Court continued, the most analogous limitations period for § 1983 claims is the state limitations period governing personal injury actions. *See id*. at 278-80. "Thus, federal courts must apply the state statute of limitations for personal injury claims in *all* § 1983 cases." *Southerland v. Hardaway Mgmt. Co., Inc.*, 41 F.3d 250, 253 (6th Cir. 1994) (emphasis added). In Michigan, that period is three years. *See* MICH. COMP. LAWS § 600.5805(10). *See generally*, *Hardin*, 490 U.S. at 540 ("It is undisputed that the limitations period applicable to this case is three years, as established in Michigan's statute governing personal injury actions."). Although statutes of limitations and tolling principles are governed by state law, the question of when civil rights claims accrue remains one of federal law. *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Generally, a civil rights cause of action accrues for statute of limitations purposes when the plaintiff knows or has reason to know of the injury that is the basis of his action. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991); *Sevier*, 742 F.2d at 273. "A plaintiff has reason to know of his injury

when he should have discovered it through the exercise of reasonable diligence." *Sevier*, 742 F.2d at 273.

Plaintiff filed his complaint on January 1, 2013. Thus, absent tolling, any claims that accrued prior to January 1, 2010, are barred by the statute of limitations.[2] Plaintiff contends that he is entitled to nine months of tolling for the time he spent exhausting his administrative remedies, and in addition that he is entitled to equitable tolling for all of his claims because he did not know the identities of the persons denying his treatment. The Court should reject the latter argument, and partially accept the former argument.

With respect to equitable tolling, plaintiff's entitlement to equitable tolling is governed by Michigan law. *See Bynum v. Municipality, City & County of Denver*, 550 Fed. Appx. 560, 562 (10th Cir. 2013); *Fayoade v. Spratte*, 284 Fed. Appx. 345, 347 (7th Cir. 2008); *Bradberry v. Arpaio*, 262 Fed. Appx. 787, 787 (9th Cir. 2007); *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 932 (7th Cir. 2005); *cf. Wallace v. Kato*, 549 U.S. 384, 394 (2007) (noting, in context of an equitable tolling argument raised by the dissent, that federal courts in § 1983 actions generally look to state law principles for tolling the limitations period).[3] It appears that Michigan

---

[2] The parties do not address when plaintiff's claims accrued. As noted above, plaintiff's claims accrued when he knew or should have known of his injury. For purposes of plaintiff's medical care claims, this occurred on the dates that he was denied the treatment he sought. *See Wallace v. Engler*, No. 95-CV-40273-FL, 1997 WL 111777, at *5 (E.D. Mich. Jan. 28, 1997) (Newblatt, J., adopting Report & Recommendation of Komives, M.J.) (citing cases discussing accrual of Eighth Amendment assault and medical care claims, including *Kost v. Kozakiewicz*, 1 F.3d 176, 188 (3d Cir. 1993) and *Brownlow v. Chavez*, 871 F. Supp. 1061, 1064 (S.D. Ind. 1994)). Thus, for example, plaintiff's claim that the denial of knee replacement surgery by defendant Squire on April 29, 2009, accrued on that date, and the limitations period with respect to that claim expired on April 29, 2012, absent any tolling.

[3] Plaintiff's reliance on *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147 (1984), *Amini v. Oberlin College*, 259 F.3d 493 (6th Cir. 2001), and *Dixon v. Gonzales*, 481 F.3d 324 (6th Cir. 2007), in support of his equitable tolling argument is misplaced. Each of these cases was decided under Title VII of the Civil Rights Act, which is governed by federal tolling rules. *See Morales v. Instituto Comercial de Puerto Rico Junior*

no longer recognizes a common law equitable tolling doctrine; rather, a plaintiff's right to equitable tolling must be based on a statutory right to tolling. *See Citizens Bank v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, No. 11-CV-14502, 2012 WL 5828623, at *8 n.2 (E.D. Mich. July 6, 2012) (Goldsmith, J.) (citing *Livingston v. C. Michael Villar, P.C.*, No. 299687, 2012 WL 639322, at *2 (Mich. Ct. App. Feb. 28, 2012) (per curiam)) ("In Michigan, equitable tolling does not exist except as provided by statute."); *cf. Trentadue v. Buckler Lawn Sprinkler*, 479 Mich. 378, 389-392, 738 N.W.2d 664, 670-72 (2007); *Chandler v. Wackenhut Corp.*, 465 Fed. Appx. 425, 431-32 (6th Cir. 2012). Michigan does provide, by statute, that:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

MICH. COMP. LAWS § 600.5855. Plaintiff cannot show that he is entitled to tolling under this provision. To be entitled to tolling under § 600.5855, a plaintiff must show "that the defendant committed affirmative acts or misrepresentations that were designed to prevent subsequent discovery. Mere silence is insufficient." *Sills v. Oakland Gen'l Hosp.*, 220 Mich. App. 303, 310, 559 N.W.2d 348, 352 (1996); s*ee also*, *Doe v. Roman Catholic Archbishop of Archdiocese of*

---

*College*, 40 F. Supp. 2d 62, 66-67 (D.P.R. 1999); *Dillard v. Runyon*, 928 F. Supp. 1316, 1325 (S.D.N.Y. 1996). As explained above, tolling in this § 1983 action is governed by Michigan, not federal, law. Further, although the Court found that equitable tolling was not appropriate in that case, plaintiff cites *Baldwin County* for the proposition that equitable tolling may be based on a defendant lulling a plaintiff into inaction. The Court's actual language however, makes clear that it was addressing "*affirmative misconduct* on the part of a defendant [that] lulled the plaintiff into inaction." *Baldwin County*, 466 U.S. at 151 (emphasis added). As explained below, plaintiff has not shown any affirmative misconduct on the part of defendants. Likewise, *Amini* found equitable tolling inappropriate because there was no allegation of misrepresentations or wrongdoing on the part of the defendant. *See Amini*, 259 F.3d at 501.

*Detroit*, 264 Mich. App. 632, 642-43, 692 N.W.2d 398, 405 (2004). "Courts are to strictly construe and narrowly apply the fraudulent concealment exception." *Riverside Auto Sales, Inc. v. GE Capital Warranty Corp.*, No. 2:03-CV-55, 2004 WL 2106638, at *5 (W.D. Mich. Mar. 30, 2004) (citing *English v. Bousamra*, 9 F. Supp. 2d 803, 808 (W.D. Mich. 1998) (in turn citing *Turner v. Mercy Hosp. & Health Servs. of Detroit*, 210 Mich. App. 345, 350, 533 N.W.2d 365, 367 (1995) and *Hill v. United States Dep't of Labor*, 65 F.3d 1331, 1335 (6th Cir. 1995))).

Here, plaintiff contends that he was never informed that the denials of knee surgery were made by defendant Squire or the members of the MSAC, and that it was not until 2012 that he became aware of who was responsible for the denials. These allegations, however, do not show that defendants committed any affirmative acts or misrepresentations to hide who was responsible; rather, they show "mere silence" which is insufficient to justify tolling under § 600.5855. *See Shember v. University of Mich. Med. Ctr.*, 280 Mich. App. 309, 317-18, 760 N.W.2d 699, 707-08 (2008) (fact that university medical center's risk management department provided incomplete medical records to plaintiff did not by itself "support an inference that the employees had embarked on a course of action designed to prevent or hinder plaintiff's identifying the particular physicians who might be liable for medical malpractice."), *vacated in part on other grounds*, 485 Mich. 915, 773 N.W.2d 265 (2009). The mere fact that plaintiff did not know the identity of the alleged tortfeasor is insufficient to allow tolling under § 600.5855. *Cf. Trentadue*, 479 Mich. at 398, 738 N.W.2d at 675.[4]

---

[4]I noted that under federal law, which governs accrual of the limitations period, plaintiff's lack of knowledge of the identity of those responsible for denying his knee replacement surgery does not support delaying the accrual of the limitations period. Under federal law a claim accrues when the plaintiff knows or has reason to know of his injury, regardless of whether he knows the identity of the person who caused the injury. *See Ross v. Mickle*, 194 Fed. Appx. 742, 743 (11th Cir. 2006); *Ritchie v. United States*, 210 F. Supp. 2d 1120, 1128-29 (N.D. Cal. 2002). *Arauz v. Bell*, 307 Fed. Appx. 923 (6th

Plaintiff next argues that he is entitled to tolling during the time spent exhausting his administrative remedies. Specifically, he contends that he is entitled to nine months of tolling, from the time he filed his grievance on April 17, 2012, through the time he received his Step III response on April 17, 2013, after he had already filed this action. Under plaintiff's view, therefore, any claims accruing after April 1, 2009, are timely. Defendants counter that plaintiff is entitled to only 150 days of tolling, because pursuant to MDOC policy this was the maximum amount of time in which the MDOC should have issued its Step III response. Defendants argue that once this time elapsed, plaintiff's claims were deemed exhausted regardless of the MDOC's failure to provide a Step III grievance response, and thus the limitations period began to run again. Under defendants calculation, any claims accruing before August 4, 2009 are untimely. The Court should conclude that defendants' argument is correct.

Notwithstanding the general rule that tolling in § 1983 actions is governed by state law, because exhaustion of administrative remedies is a prerequisite to a prisoner suit under § 1983, it is well established as a matter of federal law that "[t]he statute of limitations for claims subject to the PLRA is tolled while the plaintiff exhausts his required administrative remedies." *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012). It is equally "well established that 'administrative remedies are exhausted when prison officials fail to timely response to a properly filed grievance.'" *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (quoting *Boyd v. Corrections Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004)). In my prior Report, to which defendants filed no objections and which was adopted by the Court, I noted that the MDOC grievance policy establishes a maximum

---

Cir. 2009), upon which plaintiff relies, is not to the contrary. That case involved an application of the general rule that a cause of action does not accrue until a plaintiff knows or has reason to know of his injury. *See id.* at 927-28. Nothing in that case suggests that a cause of action does not accrue until the plaintiff knows the identity of the person who caused the injury.

of 150 days for completion of the grievance process, and that under this rule the Step III response to Grievance No. RGC-12-07-1071-12z, upon which plaintiff relies to establish exhaustion, was due no later than December 20, 2012. I thus concluded, relying on *Rusher*, that plaintiff had exhausted his administrative remedies before filing his complaint, even though he did not receive his Step III response until after he filed his complaint. Had the Court concluded otherwise, it would have been required to dismiss plaintiff's action. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (The "plain language of the statute makes exhaustion a precondition to filing an action in federal court . . . . The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit.").

Plaintiff, essentially, seeks to use two different dates with respect to the completion of the administrative process. For purposes of determining whether he exhausted his remedies prior to filing suit, plaintiff seeks to use the December 20, 2012, date when he should have received his Step III response. For purposes of determining the appropriate period of tolling, however, plaintiff seeks to use the April 17, 2013, date on which he received the Step III response. Plaintiff cites, and I have found, no legal basis for assigning two different dates for the completion of the administrative process. On the contrary, the courts that have considered the issue have reached the opposite conclusion, holding that "the statute of limitations begins to run when the prison's time to respond to a grievance has come and gone: remedies have then been exhausted, and so has the purpose of tolling the limitations period." *Cleveland v. County of Cook*, No. 08 C 1177, 2009 WL 3156742, at \*4 (N.D. Ill. Sept. 25, 2009); *see also*, *Kelly v. White*, No. 4:10-982, 2011 WL 938897, at \*4 (Jan. 21, 2011) (once the time for receiving a response passed, "the obstacle to filing suit ended and the statute of limitations began to run."), *magistrate judge's report adopted in relevant part*, 2011 WL

11

939015 (D.S.C. Mar. 16, 2011).[5] In short, if plaintiff "exhausted his remedies [prior to filing this action], the statute of limitations began to run when he did so. He cannot have it both ways." *Cleveland*, 2009 WL 3156742, at *4.[6]

D.  *Conclusion*

For these reasons, the Court should conclude that plaintiff is entitled to 150 days of tolling while he exhausted his administrative remedies. Thus, any claims that accrued prior to August 4, 2009, are barred by the statute of limitations. Accordingly, the Court should grant defendants' motion for partial dismissal, and dismiss plaintiff's claims to the extent they accrued prior to August

---

[5]In *Brandon v. Bergh*, No. 2:09-cv-179, 2009 WL 464954, at *3 (W.D. Mich. Dec. 8, 2009), the court held as a general matter that the limitations period begins to run once the time for completion of the administrative grievance process has run. Some judges of this Court have rejected the reasoning of *Brandon*. *See Mitchell v. Michigan Dep't of Corrections*, No. 09-11468, 2012 WL 909740, at *2-*3 (E.D. Mich. Mar. 16, 2012) (Tarnow, J.); *Vartinelli v. Pramstaller*, No. 10-10702, 2010 WL 5330487, at *4 (Dec. 1, 2010) (Morgan, M.J.), *magistrate judge's report adopted*, 2010 WL 5330484 (E.D. Mich. Dec. 21, 2010) (Duggan, J.). These cases, however, did not involve the situation present here, where plaintiff is seeking to use one date for the purposes of establishing exhaustion prior to commencing suit and a second date for purposes of tolling the limitations period. Further, these cases were based on a rejection of the defendants' arguments that a prisoner can file a civil action before completing exhaustion when the grievance process is not completed in a timely manner. *See Varinelli*, 2010 WL 5330484, at *2. However as the Sixth Circuit's decisions in *Rusher* and *Boyd*, *supra*, establish, a prisoner in fact can be deemed to have exhausted his administrative remedies once the time for responding to his grievance has lapsed.

[6]Plaintiff argues that, by failing to provide the names of the persons involved in the denial of his knee surgery, defendants rendered the administrative grievance process "unavailable" to plaintiff. It is not clear that the grievance process was "unavailable" to plaintiff. Although the MDOC grievance policy does require that a prisoner include "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC POLICY DIRECTIVE 03.02.130, ¶ R. However, the courts have noted that a prisoner may satisfy this requirement by referencing those involved by job title, or by providing sufficient detail to enable prison officials to discern the responsible individuals. *See Mahaffey v. Buskirk*, No. 13-14646, 2014 WL 2864099, at *11 nn. 12-13 (E.D. Mich. June 24, 2014) (Cohn, J., adopting recommendation of Komives, M.J.) (discussing cases). In any event, even if the grievance process was unavailable, this would simply excuse plaintiff's duty to exhaust under § 1997e(a). Plaintiff does not explain how the unavailability of the grievance process renders his claims timely; on the contrary, if anything the absence of an available grievance process would obviate any tolling because there was no administrative process to pursue.

4, 2009.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date July 18, 2014                           s/Paul J. Komives
                                             PAUL J. KOMIVES
                                             UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the forgoing document was sent to parties of record on July 20, 2014, electronically and/or by U.S. mail.

                                             s/Michael Williams
                                             Case Manager for the
                                             Honorable Paul J. Komives